UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 15-CIV-81045-BLOOM

JAMES BARKSDALE,

       Plaintiff,
v.

PRESIDENT OF THE UNITED STATES
OF AMERICA,

       Defendant.
_____/

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS

**THIS CAUSE** is before the Court on Plaintiff James Barksdale's ("Plaintiff") Complaint, ECF No. [1]. The Court has reviewed the Complaint and applicable law, and for the reasons set forth below, dismisses this action.

Plaintiff's Complaint contains a single sentence, stating the ostensible basis for his action: "Article 3 Sec. 2 treaties made outlawing preemptive nuclear arms from being used violate UN treaties." Needless to say, this presents a standing issue.

The Court has the obligation to answer questions of the existence of subject matter jurisdiction *sua sponte*. *See Liberty Mut. Ins. Co. v. Wetzel*, 424 U.S. 737, 740 (1976); *Arthur v. Haley*, 248 F.3d 1302, 1303 n.1 (11th Cir. 2001). "Standing is a threshold jurisdictional question which must be addressed prior to and independent of the merits of a party's claims." *Bochese v. Town of Ponce Inlet*, 405 F.3d 964, 974 (11th Cir. 2005) (quoting *Dillard v. Baldwin County Comm'rs*, 225 F.3d 1271, 1275 (11th Cir. 2000)). "Standing for Article III purposes requires a plaintiff to provide evidence of an injury in fact, causation and redressibility." *Dermer v. Miami-Dade Cnty.*, 599 F.3d 1217, 1220 (11th Cir. 2010) (citing *Lujan v. Defenders of Wildlife*, 504

U.S. 555, 560-61 (1992) (reciting those elements as the "irreducible constitutional minimum of standing"); *see also DiMaio v. Democratic Nat. Comm.*, 520 F.3d 1299, 1301 (11th Cir. 2008) (same); *Kelly v. Harris*, 331 F.3d 817, 819-20 (11th Cir. 2003) ("To have standing, a plaintiff must show (1) he has suffered an injury in fact that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to conduct of the defendant; and (3) it is likely, not just merely speculative, that the injury will be redressed by a favorable decision."). Plaintiff has not addressed or supported any of the requirements for standing. He states no injury in fact, let alone a concrete, non-conjectural injury. He presents no causal connection between his theory of international relations and whatever injury he imagines that he has suffered. And he points to no relief this Court could offer which would redress those "injuries."

Accordingly, it is **ORDERED AND ADJUDGED** that Plaintiff's Complaint, ECF No. [1], is **DISMISSED without prejudice**, for lack of subject matter jurisdiction. The Clerk is directed to **CLOSE** this matter.

**DONE AND ORDERED** in Miami, Florida, this 29th day of July, 2015.

**BETH BLOOM**
**UNITED STATES DISTRICT JUDGE**

cc:   counsel of record